

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-83,296-01 & WR-83,296-02

## EX PARTE IVAN G. LOPEZ, Applicant

## ON APPLICATION FOR WRITS OF HABEAS CORPUS
## CAUSE NOS. CR21310-A & CR21461-A
## IN THE 35TH DISTRICT COURT FROM BROWN COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty and was convicted of one charge of possession of a controlled substance and one charge of delivery of a controlled substance without an agreed recommendation. The jury sentenced him to twenty-five and thirty-five years' imprisonment respectively. He did not appeal his convictions.

Applicant contends that his trial counsel rendered ineffective assistance by failing to file a motion to suppress evidence obtained through an illegal traffic stop and by failing to properly inform

him of the parole consequences of his plea. He also alleges that his twenty-five year sentence is illegal because the drug free zone allegation alleged a school, not a playground as defined by TEXAS HEALTH & SAFETY CODE §481.134(a)(3). The indictment names a school as the playground, but the definition of playground specifically excludes school property.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

It appears that Applicant is represented by counsel. If the trial court elects to hold a hearing, it shall determine if Applicant is represented by counsel, and if not, whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall make findings as to whether the drug free zone allegation was sufficient and whether Applicant's sentence is illegal. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all

affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: June 10, 2015
Do not publish